WRIGHT, J.,
delivered the opinion of the Court.
The warrant sued out in this case against John Burke and James P. Burke, was to answer the President and Directors of the Bank of Tennessee, for the use of William Bonner, in a plea of debt, duo by note, under the sum of five hundred dollars. Upon the trial in the Circuit Court, where the case had been carried by appeal, the plaintiff offered to read to the jury a note, or bill single, executed by the defendants, at Fayette-ville, Tennessee, in April, 1856, for the sum of $450, payable on the first day of January next thereafter, to the President and Directors of the Branch Bank of Tennessee, at Shelbyville, or their successors in office; and proved, by Joel J. Jones, that he was the agent of the Branch of the Bank of Tennessee, at Shelbyville; and that one of the makers of the note, to-wit: James P. Burke, handed it to him as such agent for the Bank. The defendants objected to the reading of the note, upon the ground of a variance between it and the warrant; and the objection was sustained by the Circuit Judge.
This is error. Though the Branch of the Bank of Tennessee at Shelbyville, may not be able to prosecute *625 a suit in its name, yet it has a distinct corporate existence and authority, by which it may contract for and acquire the ownership of property, the title to which becomes vested in the principal Bank, in whose name a suit can be maintained for its recovery: McNeill vs. Wyatt, 3 Hum., 125. It was so in regard to this note. The proof clearly shows it was taken for the benefit of the Bank. This Bank is a public corporation, and, if need be, we can take judicial notice of it and its Branches.
But, if this were not so, the misnomer of a corporation in a grant or obligation does not destroy or defeat the grant or obligation, nor prevent a recovery upon it in the true name, if the same be shown by proper and apt averments and proof. And an allegation in the declaration that the defendants acknowledged themselves to be bound unto the plaintiff, by the description, is equivalent to such an averment. And whatever can be shown by pleading and proof, in a Court of record is available upon the evidence, under a warrant, before a Justice of the Peace.
The law now is, that a departure from the style of the corporation will not avoid its contracts, if it substantially appear that the particular corporation was intended ; and an ambiguity may, under proper averments, be explained by parol evidence, in this, as in other cases, to show the intention. It was so held in the Trustees of McMinn Academy vs. Rencaw et als., 2 Swau, 94.
It follows, that this note is not void for want of a *626 payer; and that the case of White vs. Campbell et als., 5 Hum., 38, (to which we have been referred,) has no application.
Eeverse the judgment, and remand the cause for a new trial.